# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ROBERT H. REEHTEN,       )
                                )
         Plaintiff,       )
                                )
       v.                 )        No. 4:10CV2159 FRB
                                )
SHAWN MAYBERRY, et al.,   )
                                )
        Defendants.     )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on defendant Jason Bell's motion to dismiss. The Court will grant the motion.

## STANDARD

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." <u>Gregory v. Dillards, Inc.</u>, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." <u>Id.</u> (quotations and citation omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." <u>Id.</u> (quotations and citations omitted). "A district

court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." Id. (quotations and citations omitted).

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241. Defendant Bell is a parole officer for the Missouri Department of Corrections. The factual allegations of the complaint, as they pertain to Bell, are as follows.

Plaintiff was arrested on May 14, 2009, for felony burglary when defendant Mayberry, a deputy sheriff, found him outside of a home that had been broken into. Plaintiff was arrested and charged with felony burglary and possession of burglary tools. Plaintiff denies the allegations that he broke into and robbed the house. Mayberry took plaintiff to the Jefferson County Jail, where he was detained. Mayberry informed Bell, plaintiff's parole officer, that plaintiff had been arrested.

On May 21, 2009, Bell visited plaintiff at the Jail. Bell read plaintiff's charges to him and asked plaintiff if he could make bond. Plaintiff told Bell that he could make bond. Bell told plaintiff that he could arrange it so that he would be released on parole to defend the charges after spending a short time in a Missouri Department of Corrections ("MoDOC") facility; Bell told plaintiff he would need to waive the revocation hearing in order to be released on parole. Bell also told plaintiff he could

stay at the jail and have a revocation hearing but that it would take several weeks and was unnecessary. Bell told plaintiff he would need a reason to be sent to a MoDOC facility, so he would report that plaintiff had been caught with alcohol in his possession. Plaintiff says he then agreed to waive the revocation hearing, believing it would lead to his release on parole.

Bell filed an initial Field Violation Report stating that plaintiff had violated the conditions of his parole when he was arrested for burglary and because he had a case of beer in his possession at the time. Plaintiff was taken to the Eastern Reception Diagnostic and Correctional Center ("ERDCC").

On July 1, 2009, Bell filed a Supplemental Field Violation Report stating that plaintiff had obviously violated the terms of his parole by committing burglary and recommending revocation of plaintiff's parole. Plaintiff's parole was revoked, and as a result, he was incarcerated at ERDCC for nine months.

Plaintiff seeks monetary relief in the amount of $100 for each day he was incarcerated as a result of his parole revocation. Bell is sued in his individual and official capacities.

**DISCUSSION**

1.  Title 18 U.S.C. § 241

To the extent that plaintiff is requesting this Court to initiate federal charges against defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1). As a result, plaintiff's claims under 18 U.S.C. § 241 will be dismissed.

1.  Title 42 U.S.C. § 1983

    A.  Official Capacity Claims

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the Court will dismiss plaintiff's official capacity claims against Bell.

    B.  Individual Capacity Claims

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under § 1983

is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Id. at 487. "Heck applies to proceedings [that] call into question the fact or duration of parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995). A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.1995) (Heck bars § 1983 action challenging revocation of supervised release);c.f., Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (holding that Heck precludes § 1983 action which would impliedly invalidate a denial of parole as challenge to duration of confinement). When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that the decision establishing the length of incarceration (here, the decision to revoke parole) has already been invalidated. Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir.1997) (claim barred by Heck may be dismissed under Rule 12(b)).

Plaintiff has not made any showing that the decision to revoke his parole has been reversed, expunged, set aside, or called into question. As a result, plaintiff's claims against Bell in his individual capacity are <u>Heck</u>-barred and will be dismissed.

Furthermore, Bell argues that he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" <u>Id.</u> (quoting <u>Groh v. Ramirez</u>, 540 U.S. 551, 567 (2004)).

> For a right to be "clearly established," it must be established in a fairly particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

<u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987) (citation omitted).

Petitioner admits that he was arrested for burglary. And petitioner was officially indicted on one court of second degree burglary and one count of possession of burglary tools. See State v. Rheeten, 09JE-CR01646-01 (23rd Judicial Circuit Court, Jefferson County). Those charges are still pending. Id. Although plaintiff believes that the pending criminal charges against him are false, it was reasonable for Bell to recommend revocation of plaintiff's parole in light of those charges. As a result, Bell is entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jason Bell's motion to dismiss (Docket No. 26) is **GRANTED**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 17th day of August, 2011.

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE