```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


ROBERT H. REEHTEN,              )
                                )
          Plaintiff,            )
                                )
     v.                         )   Case No. 4:10CV2159 FRB
                                )
SHAWN MAYBERRY, et al.,         )
                                )
          Defendants.           )
```

**MEMORANDUM AND ORDER**

Presently before the Court is the Motion To Dismiss For Failure To Make Required Disclosures/Comply With Discovery Order (Docket No. 56), filed by defendants Shawn Mayberry and Sheriff Boyer (collectively "defendants"). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In the instant motion, defendants note the entry of the Case Management Order and the subsequent amendment thereto, ordering the parties to provide initial disclosures by February 21, 2012. Defendants state that plaintiff has failed to provide the required disclosures to them, despite the fact that defendants have made timely disclosures to plaintiff, and have made good faith efforts to confer and correspond with plaintiff to request the disclosures. Defendants seek the dismissal of this action in whole due to plaintiff's failure to comply with this Court's Case Management Order and with Rule 26(a) or (e) of the Federal Rules of Civil Procedure. Plaintiff has filed a response in which he states

- 1 -

that certain of his legal documents are missing, and that he has requested that this Court provide him with a copy of "the Federal Rules and Procedures" and is awaiting a response.

As defendants correctly note, Rule 37 (a) and (b) provide broad discretion to the trial court to impose sanctions for failure to comply with the court's order. Fed. R. Civ. P. 37(a) and (b); see also Edgar v. Slaughter, 548 F.2d 770, 772 (8th Cir. 1977). Dismissal on this basis should be a rare judicial act, and before employing it, the court should look to other remedies. Edgar, 548 F.2d at 773.

Plaintiff's arguments in opposition to the instant motion are not compelling. Plaintiff states that his materials are missing, and that he is waiting for the Court to respond to his (second) request for the Court to provide to him copies of certain legal texts. While any loss of documents is unfortunate, it does not excuse his failure to comply with this Court's order. Furthermore, as plaintiff has been previously advised, it is his responsibility to prosecute his case, and this Court does not provide legal assistance, including but not limited to providing copies of legal texts, to litigants. Even so, defendants' motion will be denied without prejudice. Neither the history of this case nor plaintiff's conduct thus far support the imposition of the harsh remedy of dismissal of plaintiff's case in whole.

Therefore,

**IT IS HEREBY ORDERED** that defendants' Motion To Dismiss For Failure To Make Required Disclosures/Comply With Discovery

Order (Docket No. 56) is denied without prejudice.

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of May, 2012.