```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

ROBERT H. REEHTEN,              )
                                )
        Plaintiff,              )
                                )
    v.                          )   Case No. 4:10CV2159 FRB
                                )
SHAWN MAYBERRY, et al.,         )
                                )
        Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion To Dismiss Under Rule 37(d) For Failure To Cooperate In Discovery, filed by defendants Shawn Mayberry and Sheriff Boyer. (Docket No. 56). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On November 15, 2010, plaintiff filed his original Complaint pursuant to 42 U.S.C. § 1983. Defendants Shawn Mayberry and Sheriff Boyer ("defendants") previously moved this Court to dismiss plaintiff's claims under Rule 37 of the Federal Rules of Civil Procedure due to plaintiff's failure to comply with this Court's Case Management Order and to provide initial disclosures. This Court denied that motion noting that dismissal under Rule 37 should be a "rare judicial act" and that neither the history of the case nor plaintiff's conduct at that time supported the imposition of the harsh remedy of dismissal of plaintiff's case in whole. (Docket No. 68).

In the instant Motion, defendants again seek the

- 1 -

dismissal of plaintiff's claims under Rule 37(d)(1)(A)(i) and (ii). In support, defendants describe plaintiff's continued and persistent refusal to cooperate in discovery, and specifically: (1) plaintiff failed to appear for a deposition on date he had previously agreed upon and for which he had been given proper notice; (2) despite defendants' good faith efforts to reschedule the deposition for a date that complied with the Court's scheduling order, plaintiff refused to cooperate; (3) plaintiff failed to respond to written interrogatories and requests for production submitted in July 2012; and (4) although defendants made good faith efforts to secure plaintiff's compliance, and despite the fact that plaintiff assured defendants that he would work on the interrogatories and requests for production, plaintiff provided no response at all.  Defendants aver that plaintiff's refusal to cooperate has prejudiced them inasmuch as they have been deprived of the ability to conduct discovery.  They also repeatedly aver that they have made numerous good faith attempts to persuade plaintiff to cooperate in discovery.  Plaintiff has not responded to the instant Motion.

On October 12, 2012, after considering all of the foregoing, this Court ordered plaintiff to show cause why his claims should not be dismissed on account of his failure to respond to discovery requests, failure to appear for deposition, and failure to comply with this Court's scheduling order. (Docket No. 78). In that Order, plaintiff was cautioned that failure to comply with that Order may result in the imposition of sanctions, including the dismissal of his cause of action.  To date, plaintiff

has filed no response, and the time for doing so has passed.

Fed.R.Civ.P. 37(b)(2)(A), 37(d)(1)(A) and 37(d)(3) collectively grant the Court authority and discretion to impose sanctions for discovery abuses and pretrial order violations. Sanctionable behavior includes failing to attend one's own deposition and failing to serve answers, objections, or written responses to interrogatories. Fed.R.Civ.P. 37(d)(1)(A)(i), (ii); see also Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). "[N]o motion to compel is required before dismissal under Rule 37(d)." Aziz, 34 F.3d at 589.

Sanctions include dismissal of the action in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v), (d)(3). A district court has wide latitude to impose sanctions under Rule 37(d). See Hazen v. Pasley, 768 F.2d 226, 229 (8th Cir. 1985); see also Martin, 251 F.3d at 694 ("When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court"); Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1222 (8th Cir. 1998) (affirming dismissal of action as discovery sanction after finding that any lesser sanction would have involved further delay or would have forced opposing party to try case without completing discovery). However, dismissal for

failure to comply with discovery rules is an extreme sanction, reserved for willful or bad faith default. <u>Anderson v. Home Insurance Company</u>, 724 F.2d 82, 84 (8th Cir. 1984). The Eighth Circuit has determined that a deliberate default suffices, which includes failure to respond to discovery requests, and failure to provide information following a court order. <u>Id.</u> (internal citation omitted). Where a court gives meaningful notice of what is expected of <u>pro se</u> litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns them that their failure to comply with a court order would result in "dismissal of their action," dismissal is proper. <u>Farnsworth v. City of Kansas City</u>, 863 F.2d 33, 34 (8th Cir. 1988).

Defendants are entitled to the relief they seek in the instant motion, which is dismissal of plaintiff's complaint in whole. Plaintiff filed his original complaint nearly two years ago. It is obvious that he is intelligent, and the undersigned is convinced that he fully understands what he was required to do. Given plaintiff's persistent refusal to engage in discovery and his disregard of this Court's scheduling orders and the October 12, 2012 Order, it is difficult to construe plaintiff's conduct as anything other than willful disregard of a Court order and of his duty to cooperate in discovery. Plaintiff's failure to respond to defendants' discovery requests, his failure to appear for his scheduled deposition, his failure to cooperate with defendants and reschedule the deposition within the time permitted by this Court's scheduling order, and his failure to respond either to the instant motion or to this Court's October 12, 2012 order leads the Court to

- 4 -

conclude that plaintiff is not pursuing this litigation in good faith.

The undersigned has considered the imposition of sanctions less stringent than dismissal, and concludes that they would be ineffective.  For example, plaintiff's failure to appear for his deposition, and his refusal to answer interrogatories and otherwise cooperate in discovery, has deprived defendants of an opportunity to seek summary judgment.  Therefore, a sanction of prohibiting plaintiff from introducing any evidence at trial not previously disclosed to defendants only assumes that a trial is necessary.  Although dismissal of an action is an extreme sanction, it is warranted in this case.  The undersigned will not, however, order plaintiff to pay fees or expenses, as this would be unjust given his <u>in forma pauperis</u> status.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion To Dismiss Under Rule 37(d) For Failure To Cooperate In Discovery  (Docket No. 56) is granted.

**IT IS FURTHER ORDERED** that this cause of action is dismissed without prejudice.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

*Frederick R. Buckles*
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of November, 2012.